United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WINET LABS LLC,<br><br>  Plaintiff,<br><br>v.<br><br>APPLE INC,<br><br>  Defendant. | Case No. 5:19-cv-02248-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 39 |

Plaintiff WiNet Labs LLC owns a patent covering methods for, among other things, forming ad-hoc networks. Plaintiff alleges that Defendant Apple Inc. owns "Personal Hotspot" software that makes, uses, and sells each step of Plaintiff's patented method. Defendant argues Plaintiff's first amended complaint must be dismissed because it fails to state a claim upon which relief may be granted. The Court finds this motion suitable for consideration without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Having considered the Parties' papers, the Court **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND

### A. Factual Background

On September 12, 2019, Plaintiff filed its first amended complaint alleging that Defendant directly infringed Claim 1 of U.S. Patent No. 7,593,374 ("the '374 Patent"). Amended Complaint ("FAC") ¶ 9, Dkt. 37. The '374 Patent covers a "wireless communication system" that "utilizes a protocol for creating a multi-to-multi point, extendable, ad-hoc wireless network." *Id.*, Ex. A at ECF 7.

Claim 1 claims a "method for forming an ad-hoc network with a plurality of nodes." *Id.*

¶ 9(a). Claim 1 claims a method of:

1. Electing a coordinating node from the plurality of nodes.
2. The coordinating node then assigns an ad-hoc network address to each of the other nodes and the ad-hoc network recognizes each node as part of the network.
3. The coordinating node then assigns a local address to each other node and the local address sets a position for each node in the network.
4. The electing step comprises:
   a. Emitting pings from each node to locate nodes in radio range;
   b. Broadcasting a tag from each located node to identify each located node;
   c. Sending out an election-ballot packet by each identified node to the other identified nodes;
   d. Electing the coordinating node based on information in the node's tags;
   e. Each tag includes a serial number; and
   f. The highest serial number is elected the "coordinating node."  Ex. A at ECF 20–21.

Defendant "makes, uses, and sells" a "Personal Hotspot" service. *Id.* ¶ 9. Plaintiff alleges that Defendant directly infringed the '374 Patent because Defendant's software performs each step of the Claim 1 method by forming an ad-hoc network among an iPhone, iPad, and Macbook Air. *Id.* ¶ 9(a) ("The 'Personal Hotspot' service on the iPhone is comprised of software, and this service performs each step of the Claim 1 method."). Defendant owns and controls the software that delivers the "Personal Hotspot" service. *Id.* ¶ 9 (citing Defendant's End User License Agreement).

Plaintiff argues Defendant's software performs the "electing step" outlined above. "[T]he 'Personal Hotspot' software on the iPhone initiat[es] the shared connection with the iPad and the MacBook Air, as well as the iPhone's serial number, [and] the 'Personal Hotspot' software elects the iPhone as the coordinating node." *Id.* ¶ 9(b).

First, the "Personal Hotspot" software emits a "ping" to locate other devices within the iPhone's radio range. *Id.* ¶ 9(c). A "ping" is a computer network administration software utility

Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
2

that is used to test the reachability of a host on an Internet Protocol (IP) network. *Id.* Allegedly, the "Personal Hotspot" service running on Plaintiff's iPhone located an iPad and MacBook Air as being within radio range. *Id.* The "Personal Hotspot" service runs on the iPad and MacBook Air and also emits pings to locate other devices within radio range. *Id.*

Next, Defendant's "Personal Hotspot" service broadcasts serial numbers from the iPhone, iPad, and MacBook Air. *Id.* ¶ 9(d). These serial numbers or "tags" enable the "Personal Hotspot" service on an iPhone to identify other Apple products (like the iPad or MacBook Air). *Id.*

Then, the "Personal Hotspot" service emits election-ballot packets to each identified node, *i.e.*, the iPhone, iPad, and MacBook Air. *Id.* ¶ 9(e). From there, the "Personal Hotspot" service elects a coordinating node and assigns an ad-hoc network address to each of the other nodes. *Id.* ¶ 9(g). For example, the iPhone is elected the "coordinating node" and the "Personal Hotspot" service assigns it an IP address of 172.20.10.1. *Id.* ¶ 9(h). The "Personal Hotspot" service assigns a name, *e.g.* "John's iPhone" to the iPad and MacBook Air as an ad-hoc network address and then assigns them specific IP addresses to enable a "wireless communication system." *Id.* ¶ 9(g), (h).

The FAC never asserts that Defendant induced or contributed to the infringement of Claim 1 of the '374 Patent through the acts of third parties and so only Defendant's own acts are relevant.

Lastly, Plaintiff alleges that Defendant knew of the '374 patent and nonetheless infringed it and that this constitutes willful infringement. *Id.* ¶ 10. "In 2014, the predecessor of [Plaintiff], through an agent, offered to sell the '374 patent to [Defendant]. With knowledge of the claims of the '374 patent, [Defendant] continued to willfully infringe the '374 patent by making, using, and selling the 'Personal Hotspot' service." *Id.*

**B. Procedural History**

On September 26, 2019, Defendant filed a Motion to Dismiss Plaintiff's FAC for failure to state a claim upon which relief can be granted. Motion to Dismiss Under Rule 12(b)(6) ("Mot."), Dkt. 39. Plaintiff filed an Opposition to this Motion on October 9, 2019. Opposition/Response re Motion to Dismiss ("Opp."), Dkt. 40. On October 17, 2019, Defendant filed its Reply. Reply re

Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

3

Motion to Dismiss ("Reply"), Dkt. 41.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is required if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Federal Rule of Civil Procedure requires only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 1103. Such a showing, however, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Legal conclusions may "provide the framework of a complaint, but they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Such pleading standards apply to allegations of direct infringement. *See e.g.*, *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, 2018 WL 3537166, at *2 (N.D. Cal. July 23, 2018) (collecting cases). "Conclusory allegations that Defendants perform[ed] the claimed methods are 'not entitled to be assumed true.'" *Id.* at *3 (citing *Iqbal*, 556 U.S. at 681).

## III. DISCUSSION

### A. Direct Infringement

#### 1. Legal Standard

A claim for direct infringement requires that "all steps of a claimed method are performed by or attributable to" the defendant.[1] *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Thus, Defendant is only liable if it performed the entire method

---

[1] If the infringement is attributable to more than one actor, courts may only hold the defendant responsible for others' performance of method steps if: (1) the defendant directed or controlled the others' performance and (2) the actors form a joint enterprise. *Akamai Techs.*, 797 F.3d at 1022. Plaintiff does not allege that anyone besides Defendant infringed Claim 1 of the '374 Patent. *See* Opp. at 8–9 ("*Deep9* is inapposite because [Plaintiff] is not alleging—and [Plaintiff] need not allege—that [Defendant] is exercising control over the user's performance of a step."). Accordingly, while Defendant raises third-party control in its briefing, the Court finds such a theory of liability inapplicable and does not address it.

Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
4

recited in Claim 1 of the '374 Patent. *Id.* Defendant cannot be liable for selling devices that are, or distributing software that is, merely "capable of infringing use." *Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1311 & n.12 (Fed. Cir, 2006) ("Method claims are only infringed when the claimed process is performed, not by the sale of an apparatus that is capable of infringing use."); *see also Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014) ("Because the asserted claim is a method claim, however, the accused devices must also *actually perform* that method.").

### 2. Analysis

Defendant argues that the FAC fails to plead direct infringement of Claim 1 of the '374 Patent by Defendant. Specifically, Defendant argues that the FAC fails to plead direct infringement because: (1) Defendant is not liable for a user's use of the Personal Hotspot feature and (2) Plaintiff cannot circumvent the pleading requirements for direct infringement through a novel and inadequate "Personal Hotspot-as-a-service" theory. Mot. at 5. In other words, Defendant argues that the claims are only infringed when actions are taken by Defendant's customers, the end-users of the Personal Hotspot service. Accordingly, Defendant contends that it can only infringe the patents when it is a joint infringer together with its customers and, because joint infringement is not alleged, Plaintiff's FAC fails to state a claim upon which relief can be granted.

Plaintiff argues that it adequately alleges in its FAC that Defendant's software independently performs the method outlined in Claim 1. *See* Opp. at 5–6 ("The Amended Complaint alleges that [Defendant's] software performs each [action outlined in Claim1]."). Plaintiff thus contends that its FAC provides sufficient facts for this Court to infer that Defendant, and not the user, performs each action detailed in Claim 1. Hence, the Court must resolve whether the FAC provides sufficient facts for this Court to infer that Defendant personally infringes each step of Claim 1 by providing users with the Personal Hotspot service.

"A method claim is directly infringed when someone practices every step of the patented method." *Ericsson*, 773 F.3d at 1219. A party that sells or offers to sell software containing

Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
5

instructions to perform a patented method does not infringe the patent under 35 U.S.C. § 271(a). *Id.* 1221. The party must actually perform the steps in the method claim. *Id.*

Plaintiff argues that Claim 1 of the '374 Patent is similar to the claimed method at issue in *SiRF Technology, Inc. v. International Trade Commission*, 601 F.3d 1319 (Fed. Cir. 2010). Opp. at 6. There, the defendant (the accused infringer) designed, manufactured, and sold GPS chips that were integrated into satellites and end-user products. *SiRF*, 601 F.3d at 1323–24. Satellites completely under the defendant's control performed all the steps in the claimed method except one. *Id.* at 1323–24, 1329–32. The defendant argued that it did not directly infringe the claimed methods because users had to "enable" or "activate" the device so that the device could perform the claimed method. *Id.* at 1331. The end-user product, however, *automatically* performed the final step of the claimed method and the defendant controlled any "election." *Id.* The Federal Circuit thus held that because the claimed methods did not require any "enabling" or "activating" by users, the defendant exercised each step of the claimed method and directly infringed the asserted claims. *Id.*

Plaintiff argues that *SiRF* applies because the claimed method does not require the end user to enable or activate the Personal Hotspot. Opp. at 6. Plaintiff construes *SiRF* too broadly; in *Ericsson*, the Federal Circuit noted

> our decision in *SiRF did not create direct infringement liability whenever an alleged infringer sells a product that is capable of executing the infringing method. Our decision in SiRF is not applicable here because all of the steps of the method in claims 1 and 2 of the '215 patent are performed on the end product*, which is controlled by a third party. *See SiRF*, 601 F.3d at 1331. Unlike the method in *SiRF*, *there are no steps automatically performed* by equipment controlled by D–Link. *In fact, none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method, and we decline to do so here.*

*Id.* at 1221–22 (emphasis added).

Here, while Plaintiff alleges that Defendant's software "performs each step of the Claim 1," Plaintiff does not allege that the steps performed on any user's device occur automatically. *Compare id.* at 1222 (noting that because the plaintiff could not point to evidence in the record

Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
6

that the defendant's product automatically performed the infringing steps, the jury could not find direct infringement by the defendant), *with* FAC (noting only that Defendant's software performs each step of Claim 1, but never alleging that the software does so automatically). The Court is most concerned with Claim 1's requirement that some sort of "election" occur; does this election occur automatically or is some sort of user engagement required? In other words, Plaintiff's FAC focuses on *three* types of Hotspot configurations—(1) iPhone as the coordinating node; (2) iPad as the coordinating node; and (3) MacBook Air as the coordinating node. But, mustn't the user then elect which coordinating node applies? If yes, then some user engagement is required, and Plaintiff must show joint infringement in order to claim direct infringement by Defendant. *Cf. Ericsson*, 773 at 1221–22.

Moreover, as noted, "a party that sells or offers to sell software containing instructions to perform a patented method does not infringe the patent under § 271(a)." *Id.* at 1221 (quoting *Rico Co., Ltd. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008)). Hence, software that *may* perform a patented method but requires some sort of user activation fails to state a legal claim. Accordingly, Defendant's ownership of the software is irrelevant. *See* Opp. at 7, 8 (discussing Defendant's ownership of the accused software); *Deep9 Corp. v. Barnes & Noble, Inc.*, 2012 WL 4336726, at *13 (W.D. Wash. Sept. 21, 2012) ("[T]he fact that Barnes & Noble provides and retains ownership of the software resident on the user's Nook device is insufficient, as a matter of law, to demonstrate direction or control over the user."). Without a showing that an Apple product automatically completes the claimed method, the Court cannot infer direct infringement. Accordingly, the FAC fails to state a claim upon which relief can be granted because it fails to provide facts that the claimed method automatically occurs on Apple devices and thus fails to state a legal claim that Defendant directly infringed the claimed method. *See Mendiondo*, 521 F.3d at 1104 (noting that dismissal under Rule 12(b)(6) is proper if the "complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory").

Finally, Plaintiff argues that because their pleading classifies Defendant's product as a

Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
7

"service" and not a "device," "[Defendant] misplaces reliance on cases where the plaintiff accused a device of infringing a method claim. Opp. at 7. This argument is nonsensical. The relevant inquiry is not whether Defendant provides a "service" or a "device," the relevant inquiry is whether Defendant, and not the user, performed all the claimed steps. *See, e.g.*, *Adaptix, Inc. v. Apple, Inc.*, 78 F. Supp. 3d 952, 957 (N.D. Cal. 2015) ("[W]hat is relevant is not whether any Defendant supplied a handset that can perform each step of a claimed method. What is relevant is whether any such Defendant supplying a handset programmed to perform at least one step may be said to have performed or controlled any others."); *Wi-Lan Inc. v. Sharp Elecs. Corp.*, 362 F. Supp. 3d 226, 234–35 (D. Del. 2019) (noting that direct infringement requires the defendant to perform or control every step of the infringement). Hence, regardless of how Defendant's product is labeled, the case law confirms that Defendant must either control or perform every step of the alleged infringement. As noted above, Plaintiff's FAC does not plead that Defendant controlled the software or that the software automatically performed the claimed steps. Accordingly, Defendants motion to dismiss Plaintiff's direct infringement cause of action is **GRANTED.**

### B. Willful Infringement

Plaintiff also alleges that Defendant willfully infringed the '374 Patent. FAC at 6 (prayer for relief (c)). Under 35 U.S.C. § 284, in a case of infringement, a court "may increase the damages up to three times the amount found or assessed." Such enhanced damages, however, are generally reserved for "egregious cases of misconduct beyond typical infringement," such as those "typified by willful misconduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935–36 (2016). Knowledge of the patent alleged to be willfully infringed is a prerequisite to enhanced damages. *WBIP, LLC. v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). In assessing the egregiousness of an actor's behavior, what matters is "the actor's subjective state of mind at the time of the challenged conduct, not his objective reasonableness." *Finjan, Inc. v. Cisco Sys. Inc.*, 2017 WL 2462423, at *3 (N.D. Cal. June 7, 2017).

In *Finjan*, the court dismissed the plaintiff's claim of willful infringement because the amended complaint did not contain "sufficient allegations to make it plausible that Cisco engaged

Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
8

1  in 'egregious' conduct that would warrant enhanced damages under *Halo*." *Id.* at \*4.  The

2  amended complaint's conclusory allegations that the defendant knew of the plaintiff's patent, but

3  infringed it anyway, did not "plausibly allege 'egregious[ness].'" *Id.* (alteration in original) (citing

4  *Halo*, 136 S. Ct. at 1936 (Breyer, J., concurring) ("[T]he Court's references to 'willful

5  misconduct' do not mean that a court may award enhanced damages simply because the evidence

6  shows that the infringer knew about the patent and nothing more.")).  Thus, the court held that the

7  plaintiff failed to allege facts that supported a plausible inference that the defendant engaged in

8  "egregious" conduct that would warrant enhanced damages under *Halo*.  *Id.*

9        Much like *Finjan*, Plaintiff's FAC makes conclusory allegations that Defendant knew of

10 the '374 Patent but continued to infringe it.  *See* FAC ¶ 10.  The FAC contains no specific factual

11 allegation about Defendant's subjective intent or any other aspects of Defendant's behavior that

12 would suggest Defendant acted "egregiously."  Accordingly, because Plaintiff has failed to plead

13 any facts showing that Defendant's behavior was "egregious . . . beyond typical infringement,"

14 *Halo*, 136 S. Ct. at 1935, Defendant's motion to dismiss Plaintiff's willful infringement claim is

15 **GRANTED.**

16 **IV.  CONCLUSION**

17       For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's FAC is **GRANTED.**

18 When dismissing a complaint, a court should grant leave to amend "unless it determines that the

19 pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d

20 1122, 1127 (9th Cir. 2000).  The Court finds amendment would not be futile.  Accordingly,

21 Plaintiff's claims are dismissed with leave to amend.  Plaintiff may file an amended complaint by

22 **February 26, 2020.**  Plaintiffs may not add new claims or parties without leave of the Court or

23 stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

24 **IT IS SO ORDERED.**

25 Dated: January 24, 2020

27 EDWARD J. DAVILA
United States District Judge

28 Case No.: 5:19-cv-02248-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
9